IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARCUS E. HENDERSON, §
§ No. 134, 2020
Defendant Below, §
Appellant, §
§
v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 1601006965 (S)
Plaintiff Below, §
Appellee. §

Submitted: May 26, 2020
Decided: August 7, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

**O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) Marcus Henderson appeals the Superior Court's March 3, 2020 order sentencing him for a third violation of probation ("VOP"). We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) In 2016, Henderson pleaded guilty to one count of drug dealing, one count of possession of a firearm by a person prohibited, and one count of receiving a stolen firearm. The Superior Court immediately sentenced Henderson to an aggregate of twenty-six years, suspended after three years and successful completion

of the Key Program followed by decreasing levels of supervision. We affirmed Henderson's convictions and sentence on direct appeal.[1]

(3) In 2019, the Superior Court found Henderson in violation of the terms of his probation on two occasions. Henderson did not appeal either of the sentences the Superior Court imposed for those violations.

(4) On January 23, 2020, Henderson's probation officer filed an administrative warrant with the Superior Court alleging that Henderson had violated the terms of his probation by failing to follow the rules of the residential treatment program in which he was enrolled. Specifically, the administrative warrant alleged that Henderson had engaged in a physical altercation with another inmate. On March 3, 2020, the Superior Court found Henderson in violation of the terms of his probation and sentenced him to an aggregate of twenty years and eleven months of Level V incarceration, suspended upon the successful completion of a Level V treatment program for one year of Level III probation. This appeal followed.

(5) In his opening brief on appeal, Henderson argues that (i) he received ineffective assistance of counsel in connection with the VOP proceedings and (ii) the allegations contained in the administrative warrant filed by his probation officer are false. Henderson's arguments are unavailing.

---

[1] *Henderson v. State*, 2016 WL 4097499 (Del. July 20, 2016).

2

(6) First, this Court has consistently held that it will not consider allegations of ineffective assistance of counsel for the first time on direct appeal and we decline to do so here.[2]

(7) Second, we are unable to review Henderson's claim that the evidence was insufficient to support a finding that he violated the terms of his probation as alleged in the administrative warrant. The rules of this Court direct the appellant to order a transcript and to include in his appendix those portions of the record relevant to any claims on appeal. Henderson had the burden to produce "such portions of the . . . transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" and "all evidence relevant to the challenged finding or conclusion."[3]

(8) The record in this case reflects that Henderson neither designated in his notice of appeal nor made any other effort to obtain the transcript of his March 3, 2020 VOP hearing. The lack of a transcript precludes this Court from determining whether Henderson contested the violation and, if he did, whether the evidence presented at the hearing was sufficient to establish that Henderson had violated the terms of his probation by a preponderance of the evidence.[4]

---

[2] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (quoting Del. Supr. Ct. R. 9(e)(ii), Del. Supr. Ct. R. 14(e)).

[4] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) ("In a VOP proceeding, the State need only prove by only a preponderance of the evidence that a violation of probation occurred.").

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice